IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| QUORUM HEALTH CORPORATION, | ) | Case No. 20-10766 (KBO) |
| et al. | ) | |
| Debtors.[1] | ) | Jointly Administered |
| | ) | Related to Docket Nos. 679, 680 |
| _____ | ) | |
| Rajeev Varma, M.D. | ) | |
| | ) | |
| Plaintiff, | ) | Adversary No. _____ |
| | ) | |
| v. | ) | |
| QUORUM HEALTH CORPORATION, | ) | |
| et al. ("Debtors") | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT TO REVOKE CONFIRMATIONS OF CHAPTER 11 PLANS PURSUANT TO 11 U.S.C. § 1144**

NOW COMES, the plaintiff, Rajeev Varma, M.D. ("Dr. Varma" or "Plaintiff"), by and through his attorneys, John H. Redfield, of the law firm of Crane, Simon, Clar & Goodman, and files this Complaint against Quorum Health Corporation et al. ("Debtors" or "Quorum"), to revoke the orders of confirmations of their Plans of Reorganization, by alleging as follows:

JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157, 1334, 11 U.S.C. § 1144 and the Amended standing Order of the United states District Court for the District of Delaware, dated February 29. 2012. This matter constitutes a "core"

---

[1] The last four digits of Quorum Health Corporation's tax identification number are 5208. There are 132 Debtors in these chapter 11 cases, which cases are being jointly administered for procedural purposes only. A complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/Quorum. The location of Quorum Health Corporation's corporate headquarters and the Debtors' service address is 1573 Mallory Lane, Brentwood, Tennessee 37027.

proceeding within the meaning of 28 U.S.C.§157(b)(2)(A), (L) and (O). Venue of these cases and this Adversary Complaint is proper pursuant to 28 U.S.C §§ 1408 and 1409.

2. On April 7, 2020, the Quorum filed petitions for relief under chapter 11of the bankruptcy code seeking confirmation of a prepackaged plan of reorganization ("Petition Date").

3. On or about April 29, 2016, Quorum, a public traded company, began operations as a spinoff of Community Health Services Systems, Inc.("CHS") receiving 38 hospital from CHS, numerous of which were underperforming.

4. Quorum has been struggling financially from its inception.

5. On the Petition Date, Quorum consisted of about 23 hospitals, 132 subsidiaries and affiliates having 9,136 employees of which over 16% were union members.

6. On the Petition Date, Quorum had approximately 1.3 billion dollars of long term debt plus undisputed general unsecured creditors ("GUC")of approximately $267 million.

7. The goal of the prepackaged plan of reorganization ("Plan") was to eliminate the interests of the publicly traded common stock and convert senior long-term debt of four hundred million to equity.

8. Quorum alleges its Plan and Disclose Statement that the GUC are not impaired because they will be paid in the "ordinary course of business"; therefore, they did not vote on the Plan.

9. On June 30, 2020, the Disclosure Statement was approved on the same date the Plan was confirmed.

10. Quorum has never filed under oath bankruptcy schedules and statements of its financial affairs as required by rule 1007 of the Fed. R. Bank. P.

11. Quorum obtained an order of the bankruptcy court waiving the requirement of filing under oath schedules and statements as a result of the Plan and Disclosure Statement being approved and confirmed.

12. Based on information and belief, the Class 6 claims of GUC cannot be paid off "in the ordinary course of business" because Quoram was in default regarding numerous of its obligation to the creditors of Class 6 on the Petition Date..

13. Dr. Varma was a doctor in charge of the Intensive Care Unit ("ICU") at _____ , one of the hospitals of Quorum, and his compensation exceeded $1,000,000 per year.

14. Dr, Varma instituted a $1,000,000,000 whistleblower lawsuit in Madison County, Illinois under case number _____ ("Lawsuit").

15. Dr. Varma nonsuited the Lawsuit prior to the Petition Date and currently has the right to reinstate the Lawsuit pursuant to Illinois law.

16. One of the issues in the Lawsuit is that Quorum was having patients admitted to the ICU without required doctors' orders in violation of Medicare law.

17. Furthermore, Quorum threatened doctors with ____ if they would not authorize unqualified patients to be admitted into the ICU.

18. The above practice was instituted by Quorum to illegal increase its revenue from Medicare and other payors.

19. Failure to disclose material facts in the debtor's disclosure is grounds to revoke an order of confirmation in a chapter 11 case. *Official Committee of Unsecured Creditors v. H.B. Michelson,* 141 B.R. 715 (Bankr.E.D. Cal. 1992).

20. Quorum failed to disclose numerous material facts to the Court including but not limited to the following:

a. Quorum is a sophisticated publicly traded company that must have audited financial statements and filings with the SEC by an independent accounting firm that would be footnoted containing numerous disclosures and financial problems of Quorum;

b. Quorum failed to provide historical financial statements as set forth above and how the plan would affect those historic financial statements and balance sheets. The disclosure statement failed to provide an historical income statement and federal income tax returns and the affect of the Plan on those income statements;

c. The financial projections provide by Quorum are speculative, self-serving and untrustworthy statements of management as indicated by its disclaimers. They were prepared by management instead of independent accountants, and admittedly do not comply with GAAP standards of accounting that CPAs would follow or SEC standards.

d. The case of *In re Zenith Electronics Corportion*, 241 B.R. 92 (Bankr. D.Del. 1999), was a prepackaged plan and the disclosure statement of converting debt to equity was approved by the SEC prepetition. The disclosure statement approved by the bankruptcy court contained "numerous financial statements and historical information". *Zenith, supra*, p. 99.

e. The disclosure statement and the bankruptcy case lack information on the number of GUC and an accounts payable aging to assist in determining whether the GUC can "be paid in the ordinary course of business";

f. The disclosure statement and the bankruptcy case fail to state what lawsuits are pending against the Quorum including but limited Dr. Varma's claims and lawsuit;

g. Based on information and belief, an undisclosed derivative shareholder lawsuit filed by CHS was recently settled for $ 18,000,000, and it should have been paid because GUC would have priority over shareholders regarding the settlement proceeds;

h. Quorum failed to state what medical malpractice cases are pending against it and the insurance coverage regarding lawsuits;

i. The disclosure statement failed to state the historical management of Quorum including changes, compensation and background;

j. The disclosure statement failed to state the future management of Quorum, as the reorganized debtor, including changes, compensation and background;

k. The Disclosure statement failed to state that Joey A.Jacobs was going to be the CEO of the reorganized debtor and the terms of his employment. Based on information and belief, Joey A. Jacobs was forced out of Acadia Healthcare, its CEO, at a time when Acadia was conducting Medicare/Medicaid fraud;

l. Mr. Jacobs only lasted 8 weeks as the CEO of the reorganized debtor before his termination;

m. The disclosure statement failed to mention its "retirement agreement" with its past CEO, Thomas Miller, payments made to him and lawsuits wherein he is a party;

n. Based on information and belief, Quorum received a $101,000,00 loan from the federal government pursuant to the Cares Act, which is not mentioned in the disclosure statement. Furthermore, the terms of the loan and the application of the funds are not disclosed.

o.  The disclosure statement failed to mention preferences and fraudulent transfers to insiders or others; and

p.  The disclosure statement failed to discuss its relationship to Medicare/Medicaid and its history and existence of recoupments, its largest payor.

21. Quorum did not provide the above and foregoing information to conceal material facts or in reckless disregard of material facts to impair the Court, the creditors and interested parties from making an informed judgment regarding the Plan.

WHEREFORE, Rajeev Varma, M.D. respectfully requests that the order of confirmation entered on June 30, 2020 be revoked, and for such other order as the Court deems just and proper.

Respectfully submitted,

_____
Rajeev Varma, M.D.